IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:05-3167-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Wyman W. Adams and Edna B. Adams, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the United States' motion for summary judgment. The Plaintiff brought this action seeking to foreclose on the Defendants' property located at 1444 Fruit Hill Road, Saluda, South Carolina ("property"). For the reasons set forth below, the court denies the Plaintiff's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff alleges that the Defendants are "in default under the terms of the Notes and Mortgages" on the property which were provided by the Plaintiff, acting through the Department of Agriculture, in the amount of $379,131.25. (Pl.'s Mem. Supp. Summ. J. 1.) The Plaintiff alleges that it mailed a notice of acceleration to the Defendants and demanded payment of the amount due without success. The Plaintiff attached a copy of the March 23, 2003, Notice of Acceleration which the Plaintiff submits was mailed to the Defendants by certified mail, return receipt requested. (Id. Ex. M (Notice of Acceleration).) In addition, the Plaintiff has provided the affidavit of Glenda Risinger ("Risinger"), the Saluda County, South Carolina Farm Loan Manager of the Farm Service Agency ("FSA"), who states that "all

1

servicing actions required by FSA loan servicing regulations have been taken and all required notices given to the borrower." (Id. Ex. N (Risinger Aff. ¶ 11).) The Plaintiff alleges that no genuine issue of material fact exists and that it "is entitled to summary judgment, including foreclosure of its Mortgages, as a matter of law." (Id. 2.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## B. Summary Judgment Motion

The Defendants allege that the Plaintiff's motion for summary judgment should be denied because genuine issues of material fact exist as follows: (1) the Plaintiff has not provided the Defendants with the required loan servicing, (2) the amount owed by the Defendants has not been adequately determined, and (3) Edna Adams ("Ms. Adams") is not liable for any tax liabilities. (Defs.' Mem. Opp'n Summ. J., generally). "In the event the Plaintiff's motion for summary judgment is granted, the Defendants request the Court provide the Defendants their rights under State and Federal Law, to allow a determination of the fair market value of the property, allow the Defendants the right of refusal, and provide the defendants the right to an upset bid." (Id. 7.)

### (1) Notice of Loan Servicing

Pursuant to 7 U.S.C. § 1981d(a), the Plaintiff is required to "provide notice by certified mail to each borrower who is at least 90 days past due on the payment of principal or interest on a loan made or insured under this chapter." The notice must

   (1)   include a summary of all primary loan service programs, preservation
         loan service programs, debt settlement programs, and appeal procedures,
         including the eligibility criteria, and terms and conditions of such
         programs and procedures;
   (2)   include a summary of the manner in which the borrower may apply, and
         be considered, for all such programs, except that the Secretary shall not
         require the borrower to select among such programs or waive any right
         in order to be considered for any program carried out by the Secretary;
   (3)   advise the borrower regarding all filing requirements and any deadlines
         that must be met for requesting loan servicing;
   (4)   provide any relevant forms, including applicable response forms;
   (5)   advise the borrower that a copy of regulations is available on request;
         and
   (6)   be designed to be readable and understandable by the borrower.

3

Id. The Defendants allege that only Wyman Adams ("Mr. Adams") received a notice of the availability of loan servicing dated August 22, 2002. However, the Defendants allege that Ms. Adams never received a notice of the availability of loan servicing. (Defs.' Mem. Opp'n Summ. J. Ex. B (Ms. Adams Aff. ¶ 2).) 7 U.S.C. § 1981d(a) plainly provides that the notice must be sent to each borrower.

The Plaintiff alleges it sent by certified mail a notice of the availability of loan servicing dated August 22, 2002, which Mr. Adams accepted on August 24, 2002. However, the Plaintiff has not provided a copy of the notice addressed to Ms. Adams or a copy of the return receipt signed by Mr. Adams. Therefore, a genuine issue of material fact exists as to whether the Plaintiff complied with 7 U.S.C. § 1981d.

In addition, the Defendants allege that "the Plaintiff has not provided the Defendants the required access to post-acceleration loan servicing" pursuant to FSA form 1951-S. Form 1951-S states in pertinent part under "Acceleration and Foreclosure" that

> If you do not appeal an adverse determination or if you are denied relief on appeal, FSA will accelerate your loan account and make demand for payment of the whole debt. FSA will stop allowing you to use any of your crop, livestock, and milk checks, on which they have a claim, to pay for living and operating expenses. FSA will repossess the collateral or start legal foreclosure or liquidation proceedings to take and sell the collateral, including your equipment, livestock, crops, and land. FSA will continue to take by administrative offset, money which FSA and other Federal Government agencies owe you.
>
> FSA may refrain from taking these actions if you agree to do one, or a combination of the following actions, within an agreed upon time, with FSA's approval:
>
> 1) Sell all the collateral for the loan at market value.
> 2) Convey (legally transfer) the collateral to FSA. You may apply or reapply for homestead protection jointly with this action, even if you applied before and were not accepted.

4

    3)    Apply to transfer the collateral to someone else and have that person assume all or part of the FSA debt. (This is called transfer and assumption).

(Defs.' Mem. Opp'n Summ. J. Ex. D (Form 1951-S ¶ IX).)

The Defendants allege that the Plaintiff has not complied with this provision because the Plaintiff has failed to grant approval of any of these three actions "even though Defendants have demonstrated the means to complete each action." (Id. 4.) The language quoted above indicates that FSA may refrain from accelerating the loan if one of these three actions is taken. However, FSA is not required to do so. Therefore, this argument is without merit.

### (2) Accounting

The Defendants argue that the court should deny summary judgment because the amount owed by the Defendants has not been adequately determined. Therefore, the Defendants requested an accounting. The Plaintiff provided the Defendants with an accounting of the notes and mortgages on the property in its reply in support of summary judgment. (Pl.'s Reply Supp. Summ. J. Ex. B (Accounting). Therefore, this argument is moot.

### (3) Ms. Adams' Tax Liabilities

Ms. Adams alleges that the Plaintiff's summary judgment motion should be denied because she is not liable for any tax liabilities "which the Plaintiff states may have a second lien" on the property. (Defs.' Mem. Opp'n Summ. J. 7.) The Plaintiff concedes that Ms. Adams is not liable for any tax liabilities. Therefore, this issue is moot. Based on the foregoing, genuine issues of material fact exist as to whether the Plaintiff complied with 7 U.S.C. § 1981d.

Therefore, it is

**ORDERED** that the Plaintiff's motion for summary judgment, docket number 20, is denied. It is further

**ORDERED** that the Defendants' motion for a hearing, docket number 21, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 13, 2007