IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:05-3167-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Wyman W. Adams and Edna B. Adams, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff's supplemental motion for summary judgment, which the court construes as a motion for reconsideration pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Plaintiff brought this action seeking to foreclose on the Defendants' property located at 1444 Fruit Hill Road, Saluda, South Carolina ("property"). For the reasons set forth below, the court grants the Plaintiff's motion for reconsideration.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff alleges that the Defendants are "in default under the terms of the Notes and Mortgages" on the property which were provided by the Plaintiff, acting through the Department of Agriculture, in the amount of $379,131.25. (Pl.'s Mem. Supp. Summ. J. 1.) The Plaintiff alleges that it mailed a notice of acceleration to the Defendants and demanded payment of the amount due without success. The Plaintiff attached a copy of the March 23, 2003, Notice of Acceleration which the Plaintiff submits was mailed to the Defendants by certified mail, return receipt requested. (Id. Ex. M (Notice of Acceleration).) In addition, the

1

Plaintiff has provided the affidavit of Glenda Risinger ("Risinger"), the Saluda County, South Carolina Farm Loan Manager of the Farm Service Agency ("FSA"), who states that "all servicing actions required by FSA loan servicing regulations have been taken and all required notices given to the borrower." (Id. Ex. N (Risinger Aff. ¶ 11).) The Plaintiff alleges that no genuine issue of material fact exists and that it "is entitled to summary judgment, including foreclosure of its Mortgages, as a matter of law." (Id. 2.) The Plaintiff filed for summary judgment. The court denied the Plaintiff's summary judgment motion on June 13, 2007. The Plaintiff filed a supplemental motion for summary judgment on June 19, 2007. The Defendants never responded to the supplemental motion for summary judgment.

## II. Discussion of the Law

### A. Rule 54(a)

The "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Further, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. The Plaintiff failed to provide all of the information necessary to decide the Plaintiff's summary judgment motion. On June 19, 2007, the Plaintiff filed a supplemental motion for summary judgment submitting additional evidence in support of its motion for summary judgment. The court construes the instant motion as a motion for reconsideration. For the reasons set forth below, the court grants the motion for reconsideration.

The Defendants alleged that the Plaintiff's motion for summary judgment should be denied because genuine issues of material fact exist as follows: (1) the Plaintiff has not provided the Defendants with the required loan servicing, (2) the amount owed by the Defendants has not been adequately determined, and (3) Edna B. Adams ("Ms. Adams") is not liable for any tax liabilities. (Defs.' Mem. Opp'n Summ. J., generally). "In the event the Plaintiff's motion for summary judgment is granted, the Defendants request the Court provide the Defendants their rights under State and Federal Law, to allow a determination of the fair market value of the property, allow the Defendants the right of refusal, and provide the defendants the right to an upset bid." (Id. 7.) The court found that genuine issues of material fact existed concerning whether the Plaintiff have provided the Defendants with the notice of loan servicing pursuant to 7 U.S.C. § 1981d(a). The court found that the Defendants' remaining arguments in opposition to the Plaintiff's summary judgment motion were without merit. Based on the foregoing, the court will reconsider its finding that genuine issues of material fact exist concerning whether the Plaintiff complied with 7 U.S.C. § 1981d(a).

Pursuant to 7 U.S.C. § 1981d(a) (1999), the Plaintiff is required to "provide notice by certified mail to each borrower who is at least 90 days past due on the payment of principal or interest on a loan made or insured under this chapter." The notice must

(1) include a summary of all primary loan service programs, preservation loan service programs, debt settlement programs, and appeal procedures, including the eligibility criteria, and terms and conditions of such programs and procedures;
(2) include a summary of the manner in which the borrower may apply, and be considered, for all such programs, except that the Secretary shall not require the borrower to select among such programs or waive any right in order to be considered for any program carried out by the Secretary;

3

  (3) advise the borrower regarding all filing requirements and any deadlines that must be met for requesting loan servicing;
  (4) provide any relevant forms, including applicable response forms;
  (5) advise the borrower that a copy of regulations is available on request; and
  (6) be designed to be readable and understandable by the borrower.

§ 1981d(a). The Defendants allege that only Wyman W. Adams ("Mr. Adams") received a notice of the availability of loan servicing dated August 22, 2002, and that Ms. Adams never received a notice of the availability of loan servicing. (Defs.' Mem. Opp'n Summ. J. Ex. B (Ms. Adams Aff. ¶ 2).) 7 U.S.C. § 1981d(a) plainly provides that the notice must be sent to each borrower.

  The Plaintiff alleges it sent by certified mail a notice of the availability of loan servicing dated August 22, 2002, which Mr. Adams accepted on August 24, 2002. However, in its June 13, 2007, order, the court noted that the Plaintiff has not provided a copy of the notice addressed to Ms. Adams or a copy of the return receipt signed by Mr. Adams. Therefore, the court concluded that a genuine issue of material fact exists as to whether the Plaintiff complied with 7 U.S.C. § 1981d.

  In support of its motion for reconsideration, the Plaintiff produced a copy of the notice of loan servicing sent to Ms. Adams and a copy of the return receipt signed by Mr. Adams. (Pl.'s Mem. Supp. Supplemental Summ. J. Ex. A (Notice) and Ex. B (Signed Return Receipt).) Based on the foregoing, the Plaintiff complied with 7 U.S.C. § 1981d. Hence, the court grants the Plaintiff's motion for reconsideration and finds that no genuine issues of material fact exist concerning whether the Plaintiff complied with the notice requirements.

Therefore, it is

**ORDERED** that the Plaintiff's motion for reconsideration, docket number 26, is granted. It is further

**ORDERED** that the Plaintiff is granted summary judgment.

**IT IS SO ORDERED.**


                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
July 23, 2007