IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C/A No. 8:05-03167 HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | FINDINGS OF FACT, CONCLUSIONS |
| Wyman W. Adams and Edna B. Adams, | ) | OF LAW AND ORDER |
| | ) | |
| Defendants. | ) | |

This is an action by the United States of America for the foreclosure of six real estate mortgages on property situate in the District of South Carolina and to enforce its security interest as to personal property situate in the District of South Carolina, and other relief, pertaining to property located in Saluda County, South Carolina. Said Security Agreement(s) was executed by Wyman W. Adams and Edna B. Adams to the United States of America, acting through the Farmers Home Administration, n/k/a Farm Service Agency, United States Department of Agriculture, an agency of the plaintiff.

Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to the defendants, Wyman W. Adams and Edna B. Adams and the answer of Wyman W. Adams and Edna B. Adams, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Saluda County, South Carolina on October 25, 2005, in Book 2005, at Page 72, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipts of Summons and

Complaint on file herein. In due time **an answer was filed on behalf of the defendants, Wyman W. Adams and Edna B. Adams.**

The borrowers, Wyman W. Adams and Edna B. Adams, for value received, made, executed and delivered to the United States of America, acting through the Department of Agriculture, Farm Service Agency, five promissory notes in writing and under seal wherein and whereby they promised to pay to the order of the United States of America, through its aforesaid agency, the following amounts on the dates and at the interest rates set out as follows:

| TYPE OF LOAN | DATE | AMOUNT | INTEREST RATE |
|---|---|---|---|
| 1. Farm Ownership | 01/27/76 | $41,000.00 | 5.00% |
| 2. Farm Ownership | 12/01/77 | $22,220.00 | 5.00% |
| 3. Economic Emergency | 11/09/78 | $65,000.00 | 8.50% |
| 4. Emergency | 01/19/81 | $32,140.00 | 5.00% |
| 5. Farm Ownership | 11/16/84 | $61,000.00 | 10.75% |

| TYPE OF RENEWAL | RENEWAL DATE | RENEWAL AMT | RENEWAL INT. RATE |
|---|---|---|---|
| 1. Reamortized | 6/3/97 | $ 28,505.98 | 5.00% |
| 2. Reamortized/Def. | 6/3/97 | $100,354.15 | 5.00% |
| 3. Reamortized/Def. | 6/3/97 | $122,650.01 | 7.50% |
| 4. Reamortized | 6/3/97 | $ 29,280.21 | 3.75% |
| 5. Reamortized | 6/3/97 | $ 45,326.12 | 5.00% |

In order to secure payment of the notes identified above, the borrowers, Wyman W. Adams and Edna B. Adams, made, executed and delivered unto the United States six real estate mortgages, with proper renunciation of dower, where appropriate encumbering certain property situated in Saluda County, South Carolina, and properly recorded in the Office of the Clerk of Court for Saluda County, South Carolina. The mortgages are described as follows:

```
DATE OF              RECORDED IN           NOTES SECURED         TRACTS SECURED
FILING               BOOK     PAGE         BY EACH MORTGAGE      BY EACH MORTGAGE
1.  01/27/76          93      195                5                      1
2.  12/01/77          98       84               1,5                     1
3.  11/09/78         101       89              1,3,5                    1
4.  05/01/79         102      162              1,3,5                    1
5.  01/19/81         108       28             1,3,4,5                   1
6.  11/16/84         119      114            l,2,3,4,5                  1
```

  The tracts of land referenced in this chart are fully set out in the property description attached hereto as Attachment I which, as indicated above is attached hereto and made a part hereof as if set out in full.

  However, the above described mortgages cover approximately l52.13 acres. On March 8, l985, FmHA released its lien on l.43 acres. This partial release was recorded on March 26, l985 of record in Mortgage Book l06, Page 64, in the Office of the Clerk of Court for Saluda County, South Carolina.

  Also, on July 25, l988, FmHA released its lien on 3.57 acres. This partial release is of record in Mortgage Book 141, Page l80, in the Office of the Clerk of Court for Saluda County, South Carolina.

  Also, on January 30, 1991, FmHA released its lien on 51.49 acres, 43.2 acres, and 0.9 acres. This partial release is of record in Mortgage Book 209, page 73, in the Office of the Clerk of Court for Saluda County, South Carolina.

  In said mortgages the defendants covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the notes aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and

other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgages.

To further secure the notes identified above the defendants, Wyman W. Adams and Edna B. Adams, executed one Security Agreement on June 3, l997.  Plaintiff's security interest was perfected by the filing of one Financing Statement, duly recorded with the Secretary of State, Saluda County, South Carolina as of January l5, 2002.  By execution of the aforesaid Security Agreement and Financing Statement, the defendants, Wyman W. Adams and Edna B. Adams, granted to plaintiff a security interest in certain farm equipment, then owned or thereafter acquired, together with all increases, replacements, substitutions and additions thereto, all of which is set out in Attachment II which is appended hereto and made a part hereof as if set out in full.

The notes described above are secured by the chattel property described in Attachment II.  As of June 16, 2008, as is reflected by the statement of account attached hereto the following amounts are owed:  Principal, $280,729.01; Interest $114,484.65.  The total amount due Plaintiff is $434,060.01 with interest accruing at a daily rate of $44.58.

The aforesaid notes and mortgages set out above and the security agreement, all held by the United States, are in default in that the payments have not been made thereunder when due and the account has not been reinstated although demand for payment has been made by the United States.

The plaintiff has elected to declare the entire amount due upon the aforesaid notes, mortgages, and security agreement to be immediately payable, together with advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with the mortgage and security agreement and mortgaged premises and property under the terms of the loan instruments and applicable USDA regulations.

In addition to the indebtedness set out above, the United States may have a second claim in the property described in plaintiff's mortgages as a result of a **Federal Tax Lien** in favor in the **Internal Revenue Service**, dated September 28, 2001, and recorded October 2, 1991, in the Clerk of Court's Office for Saluda County, South Carolina, in the original amount of $312,815.89, entered in Book 4, at page 16. This claim is junior and inferior to plaintiff's mortgage.

The United States **does seek a deficiency judgment** in this case.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff. It is, therefore,

ORDERED: That defendants, Wyman W. Adams and Edna B. Adams, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part

thereof, and that the said property described in the real estate mortgages be sold, **subject to ad valorem taxes**, by the United States Marshal for the District of South Carolina, at public sale at the Saluda County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **STANDARD-SENTINEL**, a newspaper regularly issued and of general circulation in Saluda County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid. The plaintiff does request a deficiency judgment against the defendants, and therefore the bidding will remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder. The plaintiff may become a purchaser at the sale or any resale. Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient

fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed. All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

<u>IT IS FURTHER ORDERED:</u>  That from the proceeds of the sale, the United States Marshal shall pay the costs and expenses of this action first, then the amount due the plaintiff. The Internal Revenue Service lien shall be paid from any surplus funds, if any, with the balance held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal **or Sheriff** is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.  The United States Marshal (or his deputies) **or the Sheriff** is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

**IT IS FURTHER ORDERED:**

In addition to the real estate described in Attachment I, the Plaintiff has security in and equipment described in Attachment II, attached hereto.

That the defendants, Wyman W. Adams and Edna B. Adams, be required to deliver the items described in Attachment II, plus any additional, replacements or substitutions, and deliver these items to plaintiff within thirty (30) days of the court's Order for the purpose of a sale of the property by the plaintiff in a commercially reasonable manner in accordance with 28.U.S.C. § 2004.  The defendant may contact, Farms Service Agency, (864) 445-8118 to arrange a mutually agreeable time for turnover of this property.

Alternatively, if the defendant fails to comply with the above provision within 30 days, the United States Marshal **OR SHERIFF** is directed to take possession of the aforementioned equipment and deliver the same to the plaintiff for the purpose of sale of the property by plaintiff in a commercially reasonable manner; and the process of sale be applied to the debt as established in this Order. In the event the defendants are no longer in possession of all the items and equipment they must provide an accounting to the disposition of the property, the amount of the proceeds, and the location of the

items and equipment or its proceeds.  In the estimation of the plaintiff, if any particular item covered is of no value, plaintiff may abandon its claim to that item.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina

June 20, 2008